IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA ATKINSON | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-00723-XR |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

**DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S OPPOSED
MOTION TO STRIKE THE DESIGNATION AND TESTIMONY OF PLAINTIFF'S
RETAINED EXPERT GARY JOHNSON**

Defendant Meridian Security Insurance Company ("Meridian" or "Defendant") files this

Opposed Motion to Strike the Designation and Testimony of Plaintiff Laura Atkinson's Retained

Expert Gary Johnson as his opinions and testimony were not properly disclosed and fail to meet

the reliability standards of Federal Rule of Evidence 702 or *Daubert* and its progeny. In support,

Meridian respectfully shows the Court as follows:

## I.    INTRODUCTION

1.      Plaintiff Laura Atkinson designated Gary Johnson ("Johnson") as an expert in this

case,[1] and Johnson has testified that he plans to provide an expert opinion on the claim handling

that took place in this case.[2] To support his designation, Plaintiff produced materials describing

his testimony experience, work history, and a report authored by Johnson.[3] In his report, Johnson

---

[1]     Doc. No. 21, Plaintiff's Expert Designations, at p. 2. Despite the designation including a line about how Johnson "will testify for Plaintiff that his estimate is valid and proper and should be paid," Johnson testified that he did not author an estimate in this case because he was not asked to. Exhibit A, Deposition of Gary Johnson, at p. 104:19–21.

[2]     Exhibit A, Deposition of Gary Johnson, at p. 10:19–21 (affirming that he will be testifying as to claims handling only).

[3]     Exhibit B, Report by Gary Johnson; *see also* Doc. No. 21, at pp. 2–3 (describing "A copy of Mr. Johnson's current curriculum vitae and testimonial history are attached hereto as

concluded *inter alia* that Meridian did not adjust Plaintiff's claim properly,[4] failed to perform a reasonable investigation of Plaintiff's claim,[5] and failed to make prompt, fair, and equitable settlement of the claim that a reasonable investigation would have discovered.[6] In doing so, Johnson recites a form analysis parroting the exact findings he makes in all of his reports. As explained below, Johnson's opinions would not be helpful to the trier of fact, lack a sufficient basis in facts or data, and are not the product of reliable principles and methods.[7] His findings are merely the same laundry list of bad faith standards and conclusory statements rejected by other courts evaluating his same opinions.[8] Accordingly, Meridian respectfully requests that this Court strike Johnson's opinions and testimony as inadmissible.[9]

## II.   FACTUAL BACKGROUND

2.     This suit arises from a claim for wind/hailstorm damage to Plaintiff's insured property. Meridian issued a homeowners policy to Plaintiff covering the insured location of 370 Barbara Drive, San Antonio, Texas 78216-7405 (the "Property").[10] Plaintiff filed a claim for wind/hailstorm damage with a date of loss on or about May 27, 2020, which Meridian assigned

---

"Exhibit B" and "Exhibit C". Mr. Johnson's expert report will be "Exhibit D" and will be produced on December 3, 2021, as agreed by both parties.).

[4]     Exhibit B, Report by Gary Johnson, at p. 4.

[5]     *Id.* at p. 4.

[6]     *Id.* at p. 4.

[7]     Fed. R. Evid. 702.

[8]     *See, e.g., Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 242250 at \*16–22 (S.D. Tex. Dec. 24, 2020) (granting defendant's motion to strike Gary Johnson as plaintiff's designated claim handling expert "[b]ecause Johnson failed to base his opinions on reliable methodology" and due to the irrelevance of Johnson's testimony and therefore inadmissibility).

[9]     Fed. R. Evid. 702.

[10]    Doc. No. 17, Plaintiff's First Amended Complaint, at pp. 2–3 ¶¶ 2–4.

claim number PR-0000000-333865.[11] After Meridian investigated the claim and issued payments for covered damages, ultimately allowing for a full roof replacement, Plaintiff made a demand for additional payments. Meridian invoked appraisal on May 18, 2021 and promptly paid the resulting appraisal award, for the same roof replacement and interior damages previously allowed, upon receipt. Plaintiff hurriedly filed this lawsuit on June 29, 2021, after Meridian invoked appraisal but before the award was issued on July 23, 2021.[12] Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, breach of the common law duty of good faith and fair dealing, and common law fraud.[13]

3.      Plaintiff designated Johnson as a retained expert in her Rule 26(a)(2) disclosure filed with the Court.[14] Johnson was described as having "knowledge of the extent and nature of the damages to the property" based on his review of "relevant records."[15] Johnson's designation states he plans to testify about his "observations, opinions, and conclusions regarding the subject property" (hereinafter his "causation opinions").[16] Johnson was also disclosed as having expert knowledge on "the proper means, methods, and costs of repairing, replacing, or correcting the damages," on "general commercial construction practices," and that "his estimate is valid and

---

[11]      Doc. No. 17, Plaintiff's First Amended Complaint, at pp. 2–3 ¶¶ 1–7.

[12]      *See* Doc. No. 1-1, at p. 4 of 18.

[13]      Doc. No. 17, Plaintiff's First Amended Complaint, at p. 12 ¶ 1. Plaintiff's causes of action against Meridian will fail as a matter of law, as will be shown in Meridian's forthcoming Motion for Summary Judgment, because the appraisal award scope is nearly identical to the scope of Meridian's pre-appraisal estimate and thus the pre-appraisal payment roughly corresponded to the appraisal award that was timely paid.

[14]      Doc. No. 21, Plaintiff's Designation of Expert Witnesses.

[15]      *Id.* at p. 2. Johnson's designation indicates he reviewed records or inspected, but he has clarified during his deposition that he did not inspect this property, therefore, his opinions stem solely from a review of records. Exhibit A, Deposition of Gary Johnson, at p. 14:8–15.

[16]      Doc. No. 21, Plaintiff's Designation of Expert Witnesses, at p. 2.

proper and should be paid by Defendant" (hereinafter his "repair opinions").[17] Finally, Johnson was identified to testify "concerning the Texas Insurance Code and bad faith claims handling practices," and more specifically the "particulars of the adjusting process" (hereinafter his "claim-handling opinions").[18]

    4.    Attached to Plaintiff's Rule 26(a)(2) disclosure was a November 28, 2021, report authored by Johnson—since revised on February 3, 2022.[19] Johnson testified that he uses a template to draft his reports,[20] which is likely why his reports contain strikingly similar analysis and conclusions in all the cases he is retained to comment on claim-handling.[21]

    5.    As explained more fully below, if Plaintiff argues that based on Johnson's designation description, he should be permitted to provide causation opinions and repair opinions, the Court should strike any such opinions because (1) Johnson admits he will only testify regarding

---

[17]    *Id.* Despite the designation including a line about how Johnson "will testify for Plaintiff that his estimate is valid and proper and should be paid," Johnson testified that he did not author an estimate in this case because he was not asked to. Exhibit A, Deposition of Gary Johnson, at p. 104:19–21.

[18]    *Id.*

[19]    Exhibit B, Report by Gary Johnson, at p. 1 (showing the original and revised date of the report).

[20]    Exhibit A, Deposition of Gary Johnson, at p. 47:6–9.

[21]    *Compare*, Exhibit B, Report by Gary Johnson, at pp. 4–5 ("Based on my experience, skill, and training in the field, it is apparent to me that State Auto Insurance Companies must have spent an inadequate amount of time inspecting the building's damages (Ladder Now's inspection) or intentionally overlooked a multitude of different covered damages."), *with* Exhibit C, Expert Report by Gary Johnson (*Caramba*), at p. 4; Exhibit D, Expert Report by Gary Johnson (*First Presbyterian Church*), at pp. 4–5; Exhibit E, Expert Report by Gary Johnson (*4 Color Press*), at pp. 4–5; Exhibit F, Expert Report by Gary Johnson (*Temple Eagle*), at p. 6; Exhibit. G, Expert Report of Gary Johnson (*Womack*), at p. 5; Exhibit H, Expert Report by Gary Johnson (*Ramos*) ("Based [from or on] my experience, skill, and training in the field, it is apparent to me that [Insurance Company] must have spent an inadequate amount of time inspecting the [covered property] or intentionally overlooked a multitude of different covered damages.").

claim handling issues, and (2) his report contains no causation or cost repair opinions indicating those opinions are not properly disclosed and lack a sufficient reliable basis. Additionally, Johnson's opinions on causation and repairs are irrelevant and would tend to confuse the jury. This is because Meridian timely paid the appraisal award in this case, which set the amount of loss as a matter of law. Moreover, the scope of the estimate supporting appraisal and the estimate for Meridian's pre-appraisal payment were virtually identical and, therefore, the scope of repairs is not in dispute.

6.      Johnson's claim-handling opinions should also be struck because they lack a sufficient factual basis, rest purely on his experience and are irrelevant, and do not help the trier of fact. Johnson's opinions are unhelpful to a factfinder because a jury is competent to determine whether Meridian acted in bad faith in this case. For these reasons, Meridian respectfully requests the Court strike Johnson as an expert in this case.

## III.     LEGAL STANDARD

7.      Federal Rule of Evidence 702 allows an expert who is qualified based on "knowledge, skill, experience, training, or education" to testify or form an opinion if the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue." Rule 702 requires a "valid connection to the pertinent inquiry as a precondition to admissibility."[22] The trial court is tasked with a "gatekeeping" role to ensure the relevance and reliability of expert testimony.[23] The burden is on the party offering the expert testimony to establish that it is admissible, specifically, that an expert is qualified, the evidence is relevant to the litigation, and

---

[22]    *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592 (1993).

[23]    *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) ("When evaluating expert testimony, the overarching concern is generally whether the testimony is relevant and reliable.").

the evidence is reliable.[24] To be relevant, expert testimony must "assist the trier of fact to understand the evidence or determine a fact in issue."[25] Expert testimony which does not relate to any issue in the case is not relevant and, thus, nonhelpful.[26]

8.      Federal Rules of Evidence 702 and 703 grant expert witnesses testimonial latitude unavailable to other witnesses and such testimony "can be both powerful and quite misleading because of the difficulty in evaluating it."[27] "[N]othing in *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."[28]

## IV.      ARGUMENT AND AUTHORITIES

### A.  Johnson's causation opinions and repair opinions, if any, were not properly disclosed and lack a sufficient reliable basis.

9.      Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires an expert report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." The rationale is to "'give the opposing party a fair opportunity to evaluate the expert's qualifications, methodology, and conclusions and then determine how to proceed or respond.'"[29]

---

[24]      *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

[25]      *Pipitone v. Biomatrix, Inc.*, 509 F.3d 239, 245 (5th Cir. 2002).

[26]      *Daubert*, 509 U.S. at 592.

[27]      *Daubert*, 590 U.S. at 595.

[28]      *Id.* (quoting *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).

[29]      *Cellular Comms. Equip, LLC v. Apple, Inc.*, No. 6:14-cv-251, 2016 U.S. Dist. LEXIS 202325, at *9 (E.D. Tex. Aug. 30, 2016) (citing Fed. R. Civ. P. 26 Advisory Committee Note).

10.     Johnson's causation and repair opinions should be struck because he himself testified that he will only provide opinions on claim handling.[30] That is likely why Johnson's report lacks any causation opinions, an estimate, or opinions on the cost to repair Plaintiff's Property.[31] The absence of those opinions leads to the natural conclusion that no basis for such conclusions exists. The failure to disclose any causation or cost of repair opinions from Johnson was not substantially justified or harmless. Further, the testimony is irrelevant because the amount of loss was set by the appraisal award signed in this case, and the cause of the damage included in that appraisal estimate is not in dispute or contested by Meridian. Therefore, out of an abundance of caution, Defendant requests the Court strike any potential opinions Johnson may present on the cause of damage or how much it costs to repair Plaintiff's Property.

### B.  Johnson's opinions regarding bad faith and statutory violations are irrelevant and seek to substitute the role of the factfinder.

11.     When analyzing whether an expert's opinion is relevant, the focus is on determining whether the expert's opinion will assist the factfinder.[32] Federal Rule of Evidence 704 does not permit an expert to render conclusions of law,[33] and the court may exclude expert testimony that usurps the role of the judge or jury by proffering such testimony.[34] Here, Johnson's claim-handling opinions regarding Meridian's alleged bad faith and statutory violations are irrelevant because a

---

[30]    Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

[31]    *See generally* Exhibit B, Report by Gary Johnson.

[32]    *Puga*, 922 F.3d at 293.

[33]    *United States v. $9,041,598.68*, 163 F. 3d 238, 255 (5th Cir. 1996).

[34]    *Fisher v. Halliburton*, No. H-05-1731, 2009 U.S. Dist. LEXIS 118486, at *14 (S.D. Tex. Dec. 21, 2009) (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)).

jury is competent to resolve the issue of bad faith without an expert's testimony.[35] Johnson's report concludes that "a reasonable, experienced adjuster acting in good faith and performing a reasonable investigation would have concluded that the damages occurred during the policy period, were caused by a covered cause of loss and issued prompt payment for said damages."[36] These topics implicate questions of law that are the sole province of the court, not of expert witness testimony.

12.     While an opinion is not objectionable just because it embraces an ultimate issue,[37] usurping the role of the jury to determine the ultimate issue is disallowed. Johnson's conclusory opinions and testimony "would amount to simply telling the jury" that Meridian acted in bad faith and are, therefore, inadmissible as irrelevant.[38] Because Johnson's report consists of legal conclusions that opine about questions of law, Johnson's designation should be struck, and his testimony excluded from trial.

### C.  Johnson's methodology is unreliable because his opinions on bad faith and claims-handling are based on an unsupported standard.

---

[35]     *Caramba, Inc. v. Nationwide Mutual Fire Insurance Company*, 2020 U.S. Dist. LEXIS 242250, 2020 WL 7684136, at *20 (S.D. Tex, December 24, 2020) (expert's conclusory opinions and testimony would amount to simply telling the jury that insurer acted in bad faith and are, therefore inadmissible as irrelevant); *Denison Custom Homes, Inc. v. Zurich Am. Ins. Co.*, No. V-03-23, 2005 U.S. Dist. LEXIS 46062, at *4–6 (S.D. Tex. March 15, 2005) (excluding expert opinion as to the issue of whether an insurer acted in bad faith as irrelevant); *Crow v. United Benefits Life Ins. Co.*, No. 3:00-CV-1375-G, 2001 U.S. Dist. LEXIS 2993, at *3 (N.D. Tex. March 19, 2001) (quoting *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (concluding that "[w]hether [the insurer] engaged in conduct constituting a breach of the duty of good faith and fair dealing 'is an issue for the trier of fact to decide.'")).

[36]     Ex. B, Report by Gary Johnson, at p. 5.

[37]     Fed. R. Evid. 704.

[38]     *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co*., No. H-19-1973, 2020 U.S. Dist. LEXIS 242250, at *20 (S.D. Tex. Dec. 24, 2020).

13.     Reliability of an expert's testimony can be determined by considering whether the expert's methodology can be tested, has been subjected to peer review and publication, whether known standards and control govern its operation, and whether it has been generally accepted in the scientific community. When an expert relies only upon his own experience or the use of common sense and assumptions, absent an opportunity for peer review or independent verification, it does not rise to the level of scientific or reliable methodology required by *Daubert*.[39]

14.     Johnson's unreliable methodology is to work backwards from his opinion that Meridian violated insurance law based on his disagreement with the claim decision and his misunderstanding of the facts supported by evidence in the record. This is evidenced by the fact that Johnson takes this same approach in each case when he is retained as a claim handling expert which unsurprisingly leads him to near identical conclusions. [40] Johnson's methodology is unreliable because he does not rely on any recognized common law or statutory bad faith standard—only his "laymen term" of what bad faith means.[41] Instead, Johnson uses his own personal, unsupported standard to opine that Meridian's claim handling was improper.[42] That

---

[39]     *Nobel Ins. Co. v. Guillory*, No. 3:00-CV-0141-H, 2000 U.S. Dist. LEXIS 22911, at *5 (N.D. Tex. April 20, 2000).

[40]     *See* cases cited *supra* note 21.

[41]     Exhibit A, Deposition of Gary Johnson, at pp. 54:13–55:1 ("Q.· All right.· Okay.· In your expert opinion, **what constitutes bad faith** when it comes to adjusting an insurance claim?·A.· **In my laymen terms is when** the insurance company either knowingly or by inexperience does not handle the claim properly through the inspection, the investigation, payment, putting the correct coverage, and correct or incorrect denials. Q.  And when you're determining whether or not that's occurred, is that based on your experience and your opinion?·A.· Well, **it's definitely my opinion.· It's based on the experience** of doing this for a little over [page 55] twenty-eight years, yes, ma'am.") (emphasis added).

[42]     *Id.* at p. 11:1–13 (testifying that he has never attended any seminars to learn about claim handling, there is no licensing or qualification test to become an expert on claim handling, and that "it's just the experience of doing claims handling throughout your career in the industry."); *id.* at p. 13:4–15 (same).

standard is unreliable because it cannot be tested by others, is not accepted by the community, and does not include the known applicable standards for bad faith. Thus, if Johnson has applied any standard, he has applied only his own experience and subjective standard in arriving at his opinions instead of utilizing the statutory definitions of bad faith at issue in this case.[43] This is the very definition of an expert's *ipse dixit* which is unverifiable, subjective, and should, therefore, be excluded.[44] Because Johnson offers no reliable methodology upon which his opinions were derived, his opinions are unreliable and therefore inadmissible.[45]

### D. Johnson's claim-handling opinions lack a sufficient factual basis rendering them unreliable and inadmissible.

15.     For expert testimony to be admissible, Rule 702(b) requires the testimony to be "based on sufficient facts or data"[46] and not mere speculation.[47] Johnson's opinions and testimony do not meet this standard. The underlying basis for Johnson's opinions expressed in his report is his subjective belief that Meridian knew or should have known upon the first inspection of

---

[43]     In fact, the Court will only find one line describing how Johnson reviewed the claim "in accordance with the legal standards that apply in Texas (Chapter 541 & 542 Insurance Code)" but fails to identify a single violation by name and with associated facts to support his conclusion that claim handling violations occurred in this case. *See* Exhibit B, Report by Gary Johnson, at p. 4.

[44]     *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754 (5th Cir. 2000) (citing *Joiner*, 522 U.S. at 139 ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert.")).

[45]     *Collins v. Safeco Ins. Co.*, No. 3:18-CV-01788-X, 2020 U.S. Dist. LEXIS 2612, at *7 (N.D. Tex. Jan. 8, 2020) (granting motion to strike an insured's claim handling expert because the reliability of his opinions was derived solely from his own experience as a claims adjuster and the expert cited to no "guidelines, training or certification, or any other authoritative source on the proper methodology" for investigating claims).

[46]     Fed. R. Evid. 702(b).

[47]     *Daubert*, 509 U.S. at 593.

Plaintiff's Property that it was "reasonably clear the claim was covered" which makes his opinions inadmissible.[48]

16.     It is undisputed that Plaintiff was not even home when the first inspection occurred,[49] and she only reported hail damage to the roof.[50] Johnson testified that if *he* was assigned to inspect a property with the same facts (a hail claim with no reported water intrusion) that he would inspect the properties sometimes with no one present and just look at the roof based on how the claim was reported—that is what occurred in this case.[51] Johnson is operating under a false set of facts that Meridian instructed the first inspector to complete an inspection, "including the interior" with no basis in evidence to support that conclusion but uses it to justify his report findings.[52] What is supported by the evidence is that only after Plaintiff hired a public adjuster did Meridian learn of claimed interior damage which prompted Meridian to conducted a second inspection, draft a new estimate, and issue a payment for covered damages.[53] Therefore, Johnson's

---

[48]    *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. H-19-1973, 2020 U.S. Dist. LEXIS 242250, at *18 (S.D. Tex. Dec. 24, 2020); *Daubert*, 509 U.S. at 593.

[49]    Exhibit A, Deposition of Gary Johnson, at p. 75:14–23 (testifying that Plaintiff was not home and neither was any representative for her during the first inspection).

[50]    Exhibit J, Claim File Activity Log and Loss Summary, at pp. 1–2, 5 (showing the claim was reported by Plaintiff solely as "[h]ail damage to roof" with no mention of interior damages); Exhibit A, Deposition of Gary Johnson, at pp. 75:24–76:2 (testifying that he did not know how Plaintiff reported or described the claim when she first notified Meridian about the claimed loss).

[51]    Exhibit A, Deposition of Gary Johnson, at p. 100:17–25 (testifying that he would inspect homes when no one was present "because there was no reported interior damage.").

[52]    *Id.* at p. 107:10–12 ("In this one, I think the adjuster asked them [Ladder Now] to do a full inspection, including the interior."); *see also id.* at p. 45:16–21 (admitting he has never spoken with Plaintiff or any adjusters about this case).

[53]    Exhibit J, Claim File Activity Log and Loss Summary, at pp. 3–5 (showing that the claim was reported on November 27, 2020 and proceeded with no mention of interior damages claimed, and then a public adjuster letter was received on February 2, 2021 with an estimate produced that included interior repairs); *see also id.* at pp. 1–2, 5 (showing the claim was reported by Plaintiff solely as "hail damage to roof" with no mention of interior damages).

opinion that at the time of the first inspection Meridian should have known the full extent of its liability on the claim is unsupported by the facts in the record. Johnson's opinions and testimony lack a sufficient basis in facts or data and thus do not satisfy Fed. R. Evid. 702(b).

17.     Johnson testified that "[Meridian] must have spent an inadequate amount of time inspecting the building's damages (Ladder Now's inspection) or intentionally overlooked a multitude of different covered damages."[54] But Johnson gave no indication he had any idea how much time was spent inspecting the Property. Instead, he appeared to reason that inadequate time spent investigating or intentionally overlooking damages would be the only way to justify Ladder Now's conclusions. Johnson provided no basis on which a factfinder could choose between these alternate theories or why Ladder Now's conclusions would be outside the scope of reasonable disagreement about the scope and cause of damages to the Property. Johnson's opinion that Ladder Now spent an inadequate amount of time inspecting lacks a sufficient basis in facts or data and thus do not satisfy Fed. R. Evid. 702(b).

18.     Johnson also concluded that a "reasonable, experienced adjuster acting in good faith and performing a reasonable investigation would have concluded that the damages occurred during the policy period, were caused by the covered cause of loss and issued prompt payment for said damages."[55] This conclusion is directly contrary to the facts of this case: Meridian's adjuster Emma Bourgeois did find covered damages that occurred during the policy period and Meridian made a prompt pre-appraisal payment and promptly paid the appraisal award. Furthermore, the implication that Meridian's adjuster was not "experienced" is without any factual basis whatsoever. Nothing in Johnson's testimony indicates he reviewed any materials regarding the

---

[54]     Exhibit B, Report by Gary Johnson, at pp. 4–5.

[55]     *Id.* at p. 5.

experience of anyone involved in handling the claim made the basis of this lawsuit or had any standard by which to determine whether they were experienced. Johnson's opinions on Bourgeois' experience and Meridian's coverage decision lack a sufficient basis in facts or data and thus do not satisfy Fed. R. Evid. 702(b).

## V.    **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant Meridian Security Insurance Company respectfully prays that the Court grant this Opposed Motion to Strike the Designation and Testimony of Plaintiff's Retained Expert Gary Johnson and grant all such other and further relief to which it may show itself justly to be entitled.

*(Signatures on the following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
MERIDIAN SECURITY INSURANCE
COMPANY**

## CERTIFICATE OF CONFERENCE

I certify that my office conferred via email with Plaintiff's counsel, Carole Anhalt on April 8, 2022, regarding the relief requested in this Motion, and Plaintiff's counsel confirmed Plaintiff is opposed to the relief requested herein.

*/s/ Patrick M. Kemp*
 Patrick M. Kemp

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served as indicated below on this the 11th day of April, 2022 to:

Shaun W. Hodge
Carole Anhalt
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com
canhalt@hodgefirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp