IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LAURA ATKINSON,<br>  *Plaintiff*<br><br>-vs-<br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY,<br>  *Defendant* | §<br>§<br>§   SA-21-CV-00723-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

# ORDER

On this date, the Court considered Defendant's motion to strike the designation and testimony of Plaintiff's retained expert Gary Johnson (ECF No. 26), and the Parties' cross-motions for summary judgment (ECF Nos. 28, 29). After careful consideration, the Court issues the following order.

## BACKGROUND

This case arises out of a dispute between Plaintiff Laura Atkinson ("Atkinson") and Defendant Meridian Security Insurance Company ("Meridian") for an insurance claim for damages to Atkinson's residence, which she contends were caused by a hailstorm in San Antonio, Texas on or about May 27, 2020. ECF No. 17 at 2; ECF No. 32 at 116.

Atkinson first reported damage to her roof on November 27, 2020. ECF No. 32 at 116, 120. Emma Bourgeois, a claims associate for Meridian, was assigned to handle Atkinson's claim. *Id.* at 116. Bourgeois engaged Ladder Now to inspect the claimed damage at Atkinson's residence. *Id.* at 116, 133. Ladder Now inspected the residence on December 2, 2020, and reported that there was no wind or hail damage to the roof. *Id.* at 135–39.

1

In reviewing the Ladder Now report, Bourgeois noted some "questionable" impacts on certain roof shingles. ECF No. 32 at 127. Bourgeois then contacted Atkinson and asked if Atkinson's roofer would send Bourgeois his estimate along with photographs of the roof so that she could determine whether reinspection was necessary. *Id.* at 127–28. Bourgeois continued to follow up with Atkinson and her roofer but did not receive the photographs she requested for some time. *Id.* at 127. In the meantime, Bourgeois prepared a claim decision based on the Ladder Now report. *Id.* The estimate of damages was below the Policy's deductible. *Id.*

On January 7, 2021, Bourgeois received the roofer's photographs. *Id.* However, she received only four photographs and could not determine if reinspection was necessary. *Id.* Bourgeois contacted Atkinson to obtain her roofer's contact information so that she could secure more information about the damage to Atkinson's roof. *Id.* On January 8, Bourgeois sent Atkinson a declination letter reflecting her previous estimate based on the Ladder Now report. *Id.* at 127, 208–19. However, Bourgeois advised Atkinson that she was keeping Atkinson's claim open pending her conversation with the roofer. *Id.* at 127, 208.

Bourgeois unsuccessfully attempted to contact Atkinson's roofer many times over the next several weeks. *Id.* at 126–27. Bourgeois then spoke with Atkinson on January 21 and advised her that she could not get in contact with the roofer. *Id.* at 126. Atkinson told Bourgeois she would attempt to contact with the roofer or, if that was unsuccessful, ask another roofer to inspect the damages. *Id.*

On February 2, Meridian received notice that Atkinson had retained public adjuster Layden Walker to advise and assist in the adjustment of her claim. *Id.* Walker requested reinspection on February 11, and Bourgeois requested photographs, an estimate, and supporting documentation to determine whether reinspection was warranted. *Id.* Walker provided just four

photographs of the roof. *Id.* In response, Bourgeois asked Walker how many hail hits were identified per square on each elevation of the roof and requested Walker's estimate, noting that if she agreed with the estimate and photos, reinspection would be unnecessary. *Id.* at 117, 126. Walker claimed there were over twelve to fifteen hits per square, and that Atkinson's residence had interior and exterior damage. *Id.* at 117. Bourgeois reiterated her request for Walker's estimate and noted that she was unaware of any interior damage. *Id.* On February 19, Walker provided his estimate to Bourgeois, which totaled $74,363.56 replacement cost value. *Id.* at 117, 126.

Bourgeois, Walker, and Two Brothers Roofing (Atkinson's new roofer) reinspected Atkinson's residence on March 10. *Id.* at 117. Bourgeois prepared an estimate for a total of $18,307.42 replacement cost value and $15,800.12 actual cash value. *Id.* at 243. On March 12, Meridian issued a payment of $14,058.12 for the amount of Bourgeois' estimate less the deductible. *Id.* at 117, 250.

On March 22, Walker sent Meridian a final demand for $56,056.14, the difference between Walker's original estimate less the replacement cost value of Bourgeois' second estimate. *Id.* at 117, 250. Meridian sent Atkinson a partial declination letter, advising that Meridian declined the demand because Walker's estimate included "items not covered under the policy and/or related to damages not associated from the date of loss of the claim, as well as over-scoped line items not necessary to perform the proper covered repairs." *Id.* at 250. The letter noted that Atkinson could submit "any estimated damages in excess of the scope and damages that are covered under the policy for this reported date of loss . . . for review and consideration." *Id.*

After Atkinson's retained attorney sent another demand and pre-suit notice letter, Meridian invoked appraisal. *Id.* at 118. Before the appraisal was complete, Atkinson filed this suit. *See id.*; ECF No. 1-1 at 4. On July 23, an appraisal award was entered for $27,683.37 replacement cost value and $25,982.99 actual cash value. ECF No. 32 at 261. One week later, Meridian issued Atkinson payment for $10,182.87, the difference between the appraisal award and the pre-appraisal payment and deductible. *Id.* at 265. Meridian also issued payment to Atkinson for interest owed under the Texas Prompt Payment of Claims Act ("TPPCA"). *Id.* at 267.

Once Atkinson received the appraisal award, she filed an amended complaint, asserting claims for breach of contract; violations of the Texas Insurance Code, TPPCA, and Deceptive Trade Practices Act ("DTPA"); breach of the common law duty of good faith and fair dealing; and common law fraud. ECF No. 17 at 15–20. Atkinson subsequently designated Gary Johnson as an expert in this case, which Meridian now moves to strike. ECF No. 26. Both parties have also filed motions for summary judgment. ECF Nos. 28, 29.

## DISCUSSION

### I. Motion to Strike

Meridian first moves to strike the designation and testimony of Plaintiff's retained expert Gary Johnson, arguing that Johnson's opinions were not properly disclosed and fail to meet the reliability standards of Federal Rule of Evidence 702. ECF No. 26.

#### A. Legal Standard

A witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify" if:

>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>(b) the testimony is based on sufficient facts or data;
>(c) the testimony is the product of reliable principles and methods; and
>(d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the analytical framework for determining the admissibility of expert opinion testimony. The Court acts as a "gatekeeper" to ensure that expert opinion testimony meets the standards of Federal Rule of Evidence 702. *Id.* at 589. First, the Court "must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting FED. R. EVID. 702). If the expert is qualified, the Court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. The proponent of expert opinion testimony must prove by a preponderance of the evidence that the expert is qualified, that the testimony is relevant to an issue in the case, and that the proffered expert opinion testimony is reliable. *Id.* at 590–93.

Further, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702[.]" FED. R. CIV. P. 26(a)(2)(A). This includes disclosure of any expert witness, along with a written report prepared and signed by the witness, "if the witness is one retained or specially employed to provide expert testimony[.]" FED. R. CIV. P. 26(a)(2)(B). The written report must contain:

>(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>(ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

If the party fails to properly disclose an expert witness, they are "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). To assess whether the party's violation is harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

**B. Analysis**

Atkinson designated Gary Johnson as a retained expert in this case in her Rule 26(a)(2) disclosure. ECF No. 21. According to Atkinson's designation, Johnson "will testify concerning the Texas Insurance Code and bad faith claims handling practices," as well as "the particulars of the adjusting process and will testify for Plaintiff that his estimate is valid and proper and should be paid by Defendant." *Id.* at 2. Johnson is described as having "factual and/or expert knowledge of the extent and nature of the damages to the Plaintiff's property" based on his inspection of the property and review of the relevant records. *Id.*

Meridian first argues that Johnson's causation and repair opinions were not properly disclosed under Rule 26(a)(2)(B)(i). ECF No. 26 at 6. Specifically, because Johnson's report contains no opinions concerning causation, cost, or repairs, Meridian contends they were not

properly disclosed. *Id.* Indeed, under Rule 26(a)(2)(B)(i), an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." The purpose of the disclosure requirement is to prevent prejudice and surprise. *Joe Hand Promotions, Inc. v. Chios*, Inc., 544 F. App'x 444, 446 (5th Cir. 2013). An expert's report should give the opposing party "a fair opportunity to evaluate the expert's qualifications, methodology, and conclusions and then determine how to proceed or respond." *Cellular Comms. Equip., LLC v. Apple Inc.*, No. 6:14-cv-251, 2016 WL 6884076, at *2 (E.D. Tex. Aug. 30, 2016).

Johnson's report only opines as to the claims-handling process. *See* ECF No. 26-2. Accordingly, to the extent that Johnson would testify about the cause of the damage to Atkinson's residence or the reasonableness and necessity of repairs, his testimony is barred by Rule 37 unless Atkinson can show that the failure to include such opinions in Johnson's expert report was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). Atkinson, however, makes no attempt to argue that the violation is harmless or was substantially justified. Thus, the Court will not permit Johnson to testify as to any causation or repair issues.

Meridian also challenges the admissibility of Johnson's opinions concerning claims handling. Johnson opines that: (1) Meridian did not adjust the claim properly; (2) Atkinson's residence should have been repaired after the inspections by Ladder Now; (3) Meridian should have known at the time of inspections that it was reasonably clear Atkinson's claim was covered; (4) Meridian failed to perform a reasonable investigation, and thus failed to make a prompt and fair settlement of Atkinson's claim; (5) Meridian spent an inadequate amount of time inspecting Atkinson's residence or intentionally overlooked a multitude of covered damages; and (6) a reasonable, experienced adjuster acting in good faith would have concluded that the damages were covered and issued prompt payment. ECF No. 26-2 at 4–5.

Meridian argues that the proffered opinions do not meet the standards set forth by Rule 702 and *Daubert*. The Court agrees. For expert testimony to be admissible under Rule 702, it must be based on sufficient facts or data and be the product of reliable principles and methods—not mere speculation. FED. R. EVID. 702; *Daubert*, 509 U.S. at 590. In his report, Johnson states that his conclusions "have been deduced by applying the accepted industry standard methodology for recognizing damages to building structures": Haag Engineering, Nelson Engineering, and EFI Global Engineering. ECF No. 26-2 at 1. While Johnson identifies these methodologies, he fails to describe what they entail or how he applied them to the facts in this case. Johnson merely lists the documents and photographs he relied on, provides a timeline of events, and concludes that Meridian failed to handle Atkinson's claim properly in the aforementioned ways. Without more, Meridian and the Court are left guessing as to the facts and analyses, if any, underlying Johnson's opinions. As a result, "Johnson's opinions represent nothing more than conclusory opinions that will not assist the trier of fact." *Janssen v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-21-CV-00750-JKP, 2022 WL 2293910, at *3 (W.D. Tex. June 24, 2022); *see also Fletcher v. Allstate Tex. Lloyd's*, No. 1:21-CV-00269-MJT-ZJH, 2022 WL 2980949, at *4–6 (E.D. Tex. July 25, 2022) (concluding that Johnson's testimony should be stricken for failure to explain why and how he concluded that an insurer mishandled the insured's claims); *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. H-19-1973, 2020 WL 7684136, at *7 (S.D. Tex. Dec. 24, 2020) (same).

Atkinson's response reiterates Johnson's qualifications and deposition testimony and fails to provide the Court with any facts or data, principles and methods, and required application of those methods to the facts at hand. While the Court does not question Johnson's qualifications to provide expert testimony in this matter, "[c]redentials and a subjective opinion," do not pass

muster under *Daubert* and are not admissible. *Caramba, Inc.*, 2020 WL 7684136, at *7 (citing *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007)). Therefore, Johnson's opinions and testimony concerning claims handling are not admissible.

## II.  Cross-Motions for Summary Judgment

Meridian moves for summary judgment as to all claims Atkinson asserts, arguing that Atkinson cannot support a claim for breach of contract where it has paid the appraisal award and that her extracontractual claims are not viable because she has not suffered an independent injury. ECF No. 29. Atkinson moves for summary judgment as to her extracontractual claims against Meridian for violations of the Texas Insurance Code, specifically for violations of the TPPCA and Chapter 541. ECF No. 28.

### A.  Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for

9

summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For the Court to conclude that there are no genuine issues of material fact, the Court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

### B. Meridian's Motion for Summary Judgment

Meridian moves for summary judgment on all claims asserted against it for breach of contract; violations of the Texas Insurance Code, TPPCA, and DTPA; breach of the common law duty of good faith and fair dealing, and common law fraud.

### 1. Meridian's payment of the appraisal award bars Atkinson's breach of contract claim.

In Texas, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The parties here do not dispute that the Policy at issue is a valid contract. Rather, Atkinson's claim solely turns on whether Meridian breached the contract. "[A] breach of contract occurs when a party fails or refuses to do something he has promised to do." *Townewest Homeowners Ass'n, Inc. v. Warner Commc'n Inc.*, 826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ). "Generally, a court determines what conduct is required by the parties—i.e., what duties exist under a contract. But, insofar as a dispute exists concerning the failure of a party to perform a contract, the court submits the disputed fact questions to the fact finder." *Vast Const., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 718 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (internal quotations and citations omitted).

Meridian contends that because it paid the appraisal award it cannot, as a matter of law, breach the Policy. ECF No. 26 at 9. The Court agrees. The Policy contains an appraisal provision that provides: "If you and we fail to agree on the amount of loss, either may demand an appraisal

of the loss. . . . A decision agreed to by any two [appraisers] will set the amount of loss." ECF No. 32 at 70. Meridian invoked appraisal on May 18, 2021, and appointed an appraiser. *Id.* at 118. One month later, Plaintiff appointed her appraiser, and on July 23, 2021, the appraisers entered an award for $27,683.37 replacement cost value and $25,982.99 actual cash value. *Id.* On July 29, 2021, Meridian issued payment in the amount of $10,182.87 (the appraisal award less the prior payment and deductible). *Id.* An "insurer's payment of the [appraisal] award bars the insured's breach of contract claim premised on failure to pay the amount of the covered loss." *Ortiz v. State Farm Lloyd's*, 589 S.W.3d 127, 129 (Tex. 2019). There is no contention or evidence that Meridian did not comply with the Policy's appraisal provisions or did not pay the appraisal award. Meridian is therefore entitled to summary judgment as to Atkinson's breach of contract claim.

> **2. Atkinson's bad faith, Texas Insurance Code, DTPA, and common law fraud claims fail because there is no evidence she has suffered an independent injury.**

In addition to her breach of contract claim, Atkinson asserts extracontractual claims against Meridian for alleged violations of the Texas Insurance Code, the duty of good faith and fair dealing, and the DTPA. Specifically, Atkinson contends Meridian (1) misrepresented material facts relating to the Policy's coverage; (2) failed to effectuate a prompt, fair, and equitable settlement of her claim, even though Meridian's liability under the Policy was reasonably clear; (3) failed to provide Atkinson with a reasonable explanation of the basis in the Policy for its offer of a compromise settlement of the claim; (4) failed to affirm or deny coverage within a reasonable time; and (5) failed to conduct a reasonable investigation, all in violation of section 541.060 of the Texas Insurance Code. ECF No. 17 at 16–17. Atkinson asserts that this same conduct both constitutes a breach of the common law duty of good faith and fair dealing

and violates the DTPA. *Id.* at 18–19. Finally, Atkinson contends that Meridian engaged in fraud when it made material misrepresentations intending that Atkinson accept a denial or underpayment of her insurance claim. *Id.* at 19–20.

For Atkinson to prevail on her extracontractual claims, she must satisfy either the entitlement-to-benefits rule or the independent-injury rule. The entitlement-to-benefits rule provides that "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018).

On the other hand, extracontractual claims for damages outside of policy benefits must satisfy the independent-injury rule. *Id.* at 499–500. "[I]f an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits." *Id.* at 499. These damages must be "truly independent of the insured's right to receive policy benefits." *Id.* at 500. "When an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits," the insured must show that she is entitled to benefits under the policy, or she is barred from recovery. *Id.* (quoting *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 920–22 (Tex. 2005)).

Meridian asserts that it is entitled to summary judgment as to Atkinson's bad faith, Texas Insurance Code, DTPA, and common law fraud claims because there was no denial of policy benefits nor has Atkinson suffered an independent injury. ECF No. 29 at 16. Again, the Court agrees. Here, the entitlement-to-benefits rule does not apply because the alleged conduct did not cause Atkinson a loss of any benefit under the Policy. As discussed, Atkinson received all

benefits due under the Policy when Meridian paid the appraisal award. The independent-injury rule does not save Atkinson's extracontractual claims either because, though Atkinson alleges in her amended complaint that Meridian's conduct in handling her claim caused mental anguish and delayed her ability to fully repair the Property, Atkinson has presented no evidence of such injuries. Because Atkinson has failed to present evidence of an independent injury, and because Meridian has paid her the benefits she is owed under the Policy, the Court concludes that Atkinson cannot maintain her bad faith, DTPA, common law fraud, and Insurance Code claims. *See Ortiz*, 589 S.W.3d at 135 (concluding an insurer was entitled to summary judgment on the insured's bad faith and Insurance Code claims where the insurer had paid an appraisal award and the insured had suffered no other injuries); *Shin v. Allstate Tex. Lloyds*, No. 4:18-CV-1784, 2019 WL 2869355, at *5–7 (granting summary judgment to an insurer on a DTPA claim where the insurer paid an appraisal award and the insured had suffered no other injuries). Meridian is thus entitled to summary judgment on these claims.

> **3. Meridian is entitled to summary judgment as to Atkinson's TPPCA claim because it has paid Atkinson the maximum amount of interest she is entitled to recover under the TPPCA.**

The TPPCA imposes liability on an insurer for failing to comply with statutory payment deadlines for a documented claim that it owes under an insurance policy. "To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Barbara Tech. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019). In relevant part, the TPPCA provides: "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by

other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." TEX. INS. CODE § 542.058(a). Section 542.060 specifies that, for a claim to which Chapter 542A applies, "the insurer is liable to pay the holder of the policy . . . simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees." *Id.* § 542.060(c). In April 2022, when Meridian paid Atkinson for TPPCA interest, the applicable rate was 10%. *See* Texas Credit Letter, Vol. 41, No. 38 (March 22, 2022), https://occc.texas.gov/sites/default/files/uploads/credit-letters/07-19-22.pdf.

The parties do not contest Meridian's liability under the Policy. Rather, they contest Meridian's compliance with the TPPCA in processing and paying Atkinson's claim. Atkinson asserts that Meridian's payment of the appraisal award in this case does not absolve it of liability under the TPPCA. ECF No. 34. Specifically, because Meridian only partially paid Atkinson's claim before the appraisal award, Atkinson argues that she is entitled to recover statutory interest and attorney's fees on the difference between the pre-appraisal claim value and the post-appraisal value, a difference of $10,182.87. *Id.* at 7–9. Meridian contends it is entitled to summary judgment because its pre-appraisal payment was reasonable and because it has already paid Atkinson the maximum amount of interest she is entitled to recover under the TPPCA. ECF No. 29 at 13–14. Because the Court concludes that Meridian is entitled to summary judgment because it has paid Atkinson interest pursuant to the TPPCA, it does not address whether Meridian's pre-appraisal payment was reasonable.

An insurer that violates the TPPCA may still be entitled to summary judgment if it paid the insured the full amount of interest that the insured could claim under the TPPCA. *See*

15

*Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 989 (5th Cir. 2016) (holding that the district court properly granted summary judgment on a TPPCA claim when the insurer demonstrated that it "compensated [the insured] for the penalty interest that accrued because of the insurer's delay"); *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-cv-00066, 2021 WL 4311114, at *8 (S.D. Tex. Sept. 21, 2021) (granting summary judgment when the insured was paid penalty interest to which she would be entitled if the insurer was found liable under the TPPCA); *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. H-19-3992, 2020 WL 6123131, at *5 (S.D. Tex. Aug. 20, 2020) (same). Meridian has presented evidence that it has paid Atkinson the maximum amount interest to which she would be entitled if it were found liable for violating the TPPCA, and Atkinson has offered no evidence that she is entitled to interest beyond what she has already been paid. *See* TEX. INS. CODE. § 542.060(c); ECF No. 32 at 267–68. Summary judgment is therefore appropriate as to the interest payment.

Further, because Atkinson is not entitled to a judgment for damages or interest under the TPPCA, she is not entitled to attorney's fees. Section 542A.007 provides that attorney's fees must be calculated as follows:

> Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the *lesser of*:
>
> (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
>
> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
>
> (3) the amount calculated by:
>
> > *(A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of*

> *covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter*; and
>
> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

TEX. INS. CODE § 542A.007 (emphases added). In this case, Meridian has paid Atkinson the full amount of policy benefits and interest owed under the TPPCA. Thus, the amount to be awarded in a judgment on Atkinson's TPPCA claim is zero dollars, resulting in an award of no attorney's fees. *See White*, 2021 WL 4311114, at *9–10 (concluding that when the insured is not entitled to damages or interest under the TPPCA, the insured may not recover attorney's fees); *Trujillo*, 2020 WL 6123131, at *6 (same).

In sum, it is undisputed that Meridian paid to Atkinson the full Policy benefits as well as the maximum interest she could receive under the TPPCA. Consequently, Atkinson cannot recover damages, interest, or attorney's fees for any of her claims, and summary judgment is appropriate.

### C.  Atkinson's Motion for Summary Judgment

Atkinson moves for summary judgment as to her extracontractual claims. ECF No. 28. Because the Court concludes that Meridian is entitled to summary judgment as to Atkinson's extracontractual claims, the Court denies Atkinson's motion.

### CONCLUSION

For the foregoing reasons, Defendant's motion to strike (ECF No. 26) is **GRANTED**. Plaintiff's motion for summary judgment (ECF No. 28) is **DENIED**. Defendant's motion for summary judgment (ECF No. 29) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH**

**PREJUDICE**. The Clerk is instructed to enter a judgment on behalf of Defendant and to close this case.

It is so **ORDERED**.

**SIGNED** this 24th day of August, 2022.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE